CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 23 2019

JULIA C. DUDLEY, CLERK
BY: M. Hupp
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

CURTIS RAY BROOKS,       )
                         )
        Plaintiff,       )        CASE NO. 7:19CV00169
                         )
v.                       )        **MEMORANDUM OPINION**
                         )
ADRIANNE L. BENNETT, ET AL.,  )   By: Hon. Jackson L. Kiser
                         )        Senior United States District Judge
        Defendants.      )

---

Plaintiff Curtis Ray Brooks, a Virginia inmate proceeding pro se, filed a civil complaint pursuant to 42 U.S.C. § 1983, naming the Virginia Parole Board chairperson and the director of the Virginia Department of Corrections ("VDOC"). His first claim in the case relates to past denials of parole, but his other claims are unrelated to parole issues and do not allege any personal involvement by the only defendants he has named. The court conditionally filed the complaint, advised Brooks that his claims were improperly joined in a single civil action, in violation of Rules 8, 10, 18, and 20 of the Federal Rules of Civil Procedure, and directed him to file an amended complaint to correct this deficiency. The court warned Brooks that failure to file an amended complaint within fourteen days would result in dismissal of his complaint.

Brooks has filed no response to the court's order, and his time to do so has elapsed. Inasmuch as Brooks has failed to comply with the court's order within the time allotted, I will dismiss his complaint without prejudice.[1]

---

[1] In any event, Brooks' parole claim, the only claim involving the named defendants, is without merit. He alleges that the defendants have deprived him of a protected liberty interest without due process by denying his request for discretionary parole six times for the same or similar reasons. A Virginia prisoner's federal due process rights in parole consideration are extremely limited, however. If the parole board furnishes the prisoner with a statement of its reason or reasons for denying parole, he has received all the federal procedural protection to which he is entitled in that context. Franklin v. Shields, 569 F.2d 800 (4th Cir. 1978) (en banc), aff'g in part and rev'g in part, 569 F.2d 784 (4th Cir. 1977), cert. denied, 435

An appropriate order will be entered.

**ENTERED** this 23rd day of May, 2019.

SENIOR UNITED STATES DISTRICT JUDGE

---

U.S. 1003 (1978). Due process does not require the board to give different reasons for each subsequent denial of parole, so long as it provides the inmate with its statement of the reason or reasons for doing so.